WILLIAM SCHRAMM and Others, Copartners, Doing Business under the Firm Name and Style of SCHEFER, SCHRAMM & VOGEL, Plaintiffs, *v.* METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Defendant.

First Department, December 7, 1928.

*Williston Benedict* of counsel [*Frederic de P. Foster*, attorney], for the plaintiffs.

*James Ireland* of counsel [*Leo C. Kelly*, attorney], for the defendant.

MARTIN, J. The defendant, a casualty insurance company, issued to plaintiffs its bond, known as a " depositor's forgery bond," in which it agreed to indemnify them against loss, not exceeding $20,000, through the payment by the plaintiffs of any check drawn by them and bearing the forged indorsement of a payee or of any other person, firm or corporation.

The plaintiffs were appointed exclusive factors for a corporation known as Hugh Cafferky & Company, Inc. One Hugh Cafferky was its president and the corporation was furnished space at the plaintiff's place of business. Hugh Cafferky was the only officer of the corporation stationed at their office. All of their dealings were with him. They became indebted to Hugh Cafferky & Company, Inc., in various amounts and made payments on such indebtedness from time to time.

This controversy centers about checks for the sum of $1,225, drawn by the plaintiffs to the order of Hugh Cafferky & Company, Inc., which were delivered to the president of that company, were indorsed in its name by him as president and were then, at his request, cashed by plaintiffs.

For the indebtedness intended to be so paid, plaintiffs were sued by Hugh Cafferky & Company, Inc. Judgment was rendered in the corporation's favor for $1,331.39 and on appeal to this court the judgment was sustained. (*Cafferky & Co.* v. *Schramm*, 220 App. Div. 827.) As $325 of the amount was not covered under the policy, but $1,006.39 is now involved.

The plaintiffs contend that the losses were occasioned through an unauthorized or forged indorsement; that, irrespective of what was said by the court at Trial Term in the former action, the

plaintiffs were compelled to pay a second time solely because of an unauthorized or forged indorsement.

An important part of the submitted statement of facts is as follows:

" XIII. It is conceded by the defendant, for the purpose of this controversy only:

" (a) That plaintiffs acted in good faith in their dealings with Hugh Cafferky & Company, Inc., and that there was no conspiracy with Hugh Cafferky on their part, or actual knowledge by them that he was diverting the funds of the corporation.

" (b) That the instruments delivered to Hugh Cafferky upon which he affixed the signature of his corporation and his own name as president thereof and in return for which he procured cash from the makers thereof, shall be deemed to be ' checks ' within the meaning of the aforesaid bond, whether or not such was their legal effect; and

" (c) That a loss resulting from the act of a corporate officer in indorsing a check without authority and appropriating the proceeds shall be deemed a loss within the meaning of said bond, whether or not such unauthorized indorsement technically constitutes forgery within the meaning of the Penal Law, but nothing in this clause contained shall be deemed a concession that the loss in issue was the result of such indorsement or of any lack of actual or implied power thereby to bind the corporation of which said Cafferky was president."

At the Trial Term it was shown that the president had no authority to indorse the checks. That authority was given to the treasurer only.

The by-laws of Hugh Cafferky & Company, Inc., provided that the treasurer: " Shall sign, make and indorse in the name of the corporation, all checks, drafts, warrants and orders for the payment of money, and pay out and dispose of same and receipt therefor, under the direction of the President or the Board of Directors." (Art. III.)

Article VII of said by-laws provided:

" *Bills, Notes, etc.*

" Sec. 1. How made. All bills, notes, checks or other negotiable instruments of the corporation shall be made in the name of the corporation, and shall be signed by the secretary or treasurer or vice-president. No officer or agent of the corporation, either singly or jointly with others, shall have the power to make any bill payable, note, check, draft or warrant or other negotiable instrument, *or indorse the same in the name of the corporation,* or contract or

cause to be contracted any debts or liability in the name and on behalf of the corporation, except as herein expressly prescribed and provided."

It is conceded that the present plaintiffs did not have actual knowledge of either of the above-quoted provisions of the by-laws.

The indorsements on the checks were clearly unauthorized and forged. If they were not, the defendant is not liable.

The effect of the bond is that for any direct loss by reason of a forged indorsement there may be a recovery. When the president of the corporation, in violation of a corporate resolution, indorsed its name on the check, obtained the funds and converted the proceeds to his own use, he was guilty of a forgery.

In *Wagner Trading Co.* v. *Battery Park Nat. Bank* (228 N. Y. 37, 42) the court said: " If the original indorsement was authorized, the diversion of the funds after indorsement would not make it a forgery; but, if the original indorsement was unauthorized, parties dealing with the wrongdoer and innocent parties alike were bound to know the lack of the agent's authority to convey title away from the true owner to any one."

It appears, therefore, that the loss was occasioned in this case by forgery. It follows that the defendant is liable on the bond, and the judgment should be for the plaintiff, with costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Judgment directed for plaintiff, with costs. Settle order on notice.